| | |
|---|---|
| **United States District Court** <br> **Western District of Washington** | **No.** |
| Justin L. Hug, Leo M. Thompson, Terry L. Carver, Plaintiffs, <br><br> vs. <br><br> United States of America, Defendant. | **Complaint** |

2   Plaintiffs bring this action against the United States and makes the following allegations

3   and complaints:

5   <u>I. P</u><small>ARTIES</small>

6   1. Plaintiff Jason L. Hug is an individual residing in Tacoma, Pierce County, WA

7   2. Plaintiff Leo M. Thompson is an individual residing in Buckley, Pierce County, WA.

8   3. Plaintiff Terry L. Carver is an individual residing in Arlington, Snohomish County,

9      WA.

10  4. Defendant is the United States of America.

917 S 10th St
Tacoma, WA 98405
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

Complaint - Page 1 of 4

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1346 (United States as defendant). The defendant is the United States of America and the plaintiffs reside within the Western District of Washington. This Court has venue under 28 U.S.C. § 1931(e)(1).

## III. FACTS

1. Each plaintiff has previously been adjudicated guilty of a felony by a juvenile court in Washington state.

2. Each plaintiff has since had the record of his juvenile offense sealed pursuant to RCW 13.50.260.

3. Under RCW 13.50.260(6)(a), once the record of a juvenile offense is sealed, it is as though it never occurred.

4. Because the offense is treated as though it never occurred once it is sealed, the offense is no longer considered a "conviction" under state or federal law. Because the offense is no longer a "conviction," it does not prohibit firearm possession under state or federal law.

5. This concept was first pronounced in 2003 in *Nelson v. State*, 120 Wn. App. 470, 85 P.3d 912 (2003). Last year, this Court recognized *Nelson*'s holding as it applies to federal law in *Siperek v. United States*, 270 F. Supp. 3d 1242 (W.D. Wash. 2017). The reasoning of *Nelson* and *Siperek* was later raffirmed by the Washington State Court of Appeals in *Barr v. Snohomish Cnty. Sheriff*, 4 Wn. App. 2d 85 (2018).

917 S 10th St
Tacoma, WA 98405
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

Complaint - Page 2 of 4

6. To date, multiple courts at state and federal levels have uniformly held that a juvenile offense sealed under RCW 13.50.260 does not prohibit the subject of the record from possessing a firearm under state or federal law.

7. The FBI runs the National Instant Criminal Background Check System (NICS), which processes background checks nationally for firearm transactions.

8. When NICS receives a request for a background check, initialed by a federal firearms dealer, NICS checks three databases for information on the individual attempting to purchase a firearm that would show that the individual is prohibited by state or federal law from possessing a firearm. The three databases are the National Crime Information Center (NCIC), the Interstate Identification Index (III), and the NICS Index.

9. An examiner that works for NICS looks at whether the buyer's information matches any prohibitive criteria in those three databases. If no, the NICS examiner updates the transaction status to "proceed" and the dealer is allowed to transfer the firearm to the buyer. If yes, the NICS examiner updates the transaction status to "denied" and the seller is not allowed to transfer the firearm to the buyer.

10. Despite clear and consistent holdings from state and federal courts, the FBI/NICS has denied all three plaintiffs a firearm purchase on the basis of their sealed juvenile offenses.

917 S 10th St
Tacoma, WA 98405
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com

Complaint - Page 3 of 4

IV. CAUSES OF ACTION

1. 18 U.S.C. § 925A, remedy for erroneous denial of a firearm. NICS has wrongfully denied plaintiffs a firearm when they are not prohibited by state or federal law from possessing one.

V. REQUESTED RELIEF

1. That the Court enter an order requiring NICS to proceed the plaintiffs' transactions.
2. That the Court award plaintiffs their attorney's fees and costs.
3. Any other legal or equitable relief as the Court sees fit.

Respectfully submitted,

_____
Vitaliy Kertchen WSBA#45183
Attorney for Plaintiffs
Date: 10/25/18

917 S 10th St
Tacoma, WA 98405
253-905-8415
vitaliy@kertchenlaw.com
www.kertchenlaw.com